IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HARVEY WEAVER : CIVIL ACTION
:
v. :
:
JOHN A. PALAKOVICH, et al. : No. 10-3888

**MEMORANDUM AND ORDER**

J. WILLIAM DITTER, JR.

AND NOW, this 4th day of March, 2013, upon consideration of petitioner's pro se motion for reconsideration (Doc. No. 46) of my February 12, 2013, Memorandum and Order (Doc. Nos. 41, 42), I make the following findings and conclusions:

1. On August 3, 2010, Harvey Weaver ("Weaver") filed a successive petition for writ of habeas corpus (Doc. No. 1) alleging various constitutional violations. On December 23, 2010, the Court of Appeals granted Weaver leave to proceed on his first claim, an asserted Brady violation (Doc. No. 5). After a close and objective review of the arguments and evidence, I found that Weaver's claim was meritless. As a result, I denied the petition with prejudice and without a hearing, and ordered that a certificate of appealability not be issued. See Weaver v. Palakovich, No. 10-3888 (E.D. Pa. Feb. 12, 2013) (Doc. Nos. 41, 42). Presently before the Court is Weaver's motion for reconsideration, asking the Court to withdraw its order and grant habeas relief on his Brady claim.

2. Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) of the United States District Court for the Eastern District of Pennsylvania allow parties to file motions for reconsideration or amendment of a judgment. Fed. R. Civ. P. 59(e); E.D. Pa. R. Civ. P. 7.1(g). The scope of a motion for reconsideration is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence. Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [denied the petition for writ of habeas corpus]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (quotation marks omitted)

(emphasis added). Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

     3. Weaver's Rule 59(e) motion must be denied because it is an attempt to relitigate his habeas petition. Weaver argues that I must re-examine my decision because of a clear error of law or fact and manifest injustice. In support thereof, he contends that this court failed to properly consider his claim that a Brady violation occurred because the results of the rape kit performed on the victim, Patricia Mason, were not disclosed to defense counsel. Weaver merely sets forth the same arguments presented, and rejected, in his original habeas petition. In my memorandum and order, I denied Weaver's claim and found that Weaver failed to allege a constitutional violation which merited habeas relief. For the reasons set forth in my original Memorandum and Order of February 12, 2013, I once again conclude that Weaver's Brady claim is without merit.

     4. Weaver's argument that I erred in finding no Brady violation is without merit. Weaver does not point to any "new" factual or legal issue that would alter my disposition of this matter, nor does he present any clear error of law or fact that would necessitate a different ruling. Furthermore, he has not demonstrated that manifest injustice will result from my ruling.

     Accordingly, it is hereby **ORDERED** that the motion to reconsider (Doc. No. 46) by Harvey Weaver is **DENIED**. It is further **ORDERED** that for the reasons set forth at the conclusion of my memorandum of February 12, 2013 (Doc. No. 41), there is no need for an evidentiary hearing and no certificate of appealability will be issued pursuant to 28 U.S.C. § 2253 because Weaver has failed to make a substantial showing of denial of a constitutional right.

                                s/J.William Ditter, Jr.
                                J. WILLIAM DITTER, JR., J